UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | ) | Case No. 19-51724 |
|---|---|---|
| **FILTRATION SERVICES GROUP LLC** | ) ) ) | Chapter 11 Hon. Marci B. McIvor |
| Debtor. | ) | |

## DEBTOR'S MOTION FOR AUTHORITY TO IMPLEMENT A KEY EMPLOYEE RETENTION PLAN FOR NONINSIDER EMPLOYEES

Filtration Services Group LLC ("FSG" or "Debtor"), by and through its counsel, Kerr, Russell and Weber, PLC, and for its *Motion for Authority to Implement a Key Employee Retention Plan for Noninsider Employees* (the "Motion"), states as follows:

### BACKGROUND

1. On August 13, 2019, (the "Petition Date"), Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. Since the Petition Date, Debtor has operated as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Code.

3. No official committee of creditors holding unsecured claims has been appointed in this case. No trustee or examiner has been appointed.

4. Currently, Debtor plans to effectuate a sale of substantially all of Debtor's assets (the "Sale").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. Venue of Debtor in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This is a core proceeding, pursuant to 28 U.S.C. § 157 (b).

## DEBTOR'S RETENTION PLAN

7. Since filing its Chapter 11 Petition, Debtor has had significant difficulties retaining employees. Seven (7) of Debtor's thirty-seven (37) employees have voluntarily left their employment with Debtor since the Commencement date. This reflects a loss of approximately 19% of Debtor's employees.

8. Recognizing that further employee losses will damage Debtor's estate and may force a closure of Debtor's operations, Debtor has formulated a new Key Employee Retention Program (the "KERP") to ensure that current employees are appropriately incentivized to remain employed with Debtor and preserve the value of Debtor's Estate for the benefit of all creditors.

9. By this Motion, Debtor requests entry of an Order, pursuant to §363(b) of the Bankruptcy Code, authorizing Debtor to identify certain employees who are critical to the operation of Debtor's business (the "KERP Employees") and compensate each one in its discretion. Under the KERP, applicable employees of Debtor would receive a retention bonus not to exceed $4,000 per employee if

such employee remains employed with the Debtor through the completion of the Sale.

10. The KERP would apply to those of Debtor's employees that Debtor has determined are critical to the operation of Debtor's business. The officers, directors, or shareholders of Debtor will not be considered KERP Employees. With the pending Sale and need to maximize Debtor's value, Debtor has concluded that retaining its employees is essential to the day-to-day business operations of Debtor and that it would be difficult, if not impossible, to replace said employees.

11. Debtor has presently identified nine (9) employees engaged in a variety of crucial functions, including, but not limited to customer service, inventory control, operations, marketing, merchandising, purchasing and sales, and management services. These KERP Employees' skill and knowledge of the operations of Debtor are essential to maintaining Debtor's business and without the continued commitment of these KERP Employees, Debtor's ability to preserve the value of Debtor's Estate would be severely compromised.

## **RELIEF REQUESTED AND BASIS FOR RELIEF**

12. Pursuant to §363(b) of the Bankruptcy Code, a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). The decision to use assets outside the ordinary course of business is subject to the sound business judgment

of the debtor. See Stephens Industries, Inc. v. McClung, 789 F.2d. 386, 390 (6th Cir. 1986) (adopting the reasoning in In re Lionel Corporation, 722 F.2d 1063 (2d Cir. 1983)).

13. Bankruptcy Courts in the Sixth Circuit have recognized that implementation of KERPs can be an appropriate and valid business decision. See In re EaglePicher Holdings, Inc., No. 05-12601, 2005 WL 4030132 (Bankr. S.D. Ohio Aug. 26, 2005) (authorizing the Debtors' KERP as an exercise of the sound business judgment of the Debtors).

14. Section 503(c) of the Bankruptcy Code restricts a debtor's ability to make payments to insiders for retention or severance, and also restricts payments that are outside of the ordinary course and not justified by the facts and circumstances of the debtor's case. Here, neither section 503(c)(1) nor 503(c)(3) bars implementation of the KERP.

15. Section 503(c)(1) of the Bankruptcy Code prohibits payments to "insiders" to the extent such payments are made "for the purpose of inducing such person to remain with the debtor's business." 11 U.S.C. § 503(c)(1). However, section 503(c)(1) of the Bankruptcy Code applies only to payments made to an "insider" of the corporation. An insider of a corporation includes, among others, an officer, director or person in control of the debtor. 11 U.S.C. § 101(31)(B)(i), (ii),

(iii). Debtor does not seek to make KERP payments to insiders; therefore, 11 U.S.C. § 503(c)(1) does not apply.

16. Section 503(c)(3) of the Bankruptcy Code prohibits "transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case." 11 U.S.C. § 503(c)(3). The proposed KERP may be seen as "outside the ordinary course of business;" however, the KERP is an exercise of the Debtors' sound business judgment and thus "justified by the facts and circumstances" of these cases and satisfy section 503(c)(3).[1]

17. Additionally, Courts look to a number of factors in determining whether KERPs and other such incentive plans satisfy section 503(c)(3) of the Bankruptcy Code, including: whether there is a reasonable relationship between the plan proposed and the results to be obtained; whether the cost of the plan is reasonable within the context of the debtor's assets, liabilities, and earning potential; and whether the scope of the plan is fair and reasonable, i.e., whether it applies to all employees or discriminates unfairly. See In re Dana Corp., 358 B.R. 567, 575–76 (Bankr. S.D.N.Y. 2006).

18. Here, there is a reasonable relationship between the KERP proposed and the results to be obtained—the preservation of the value of the Debtor's Estate

---

[1] Courts have held that the "facts and circumstances" language of section 503(c)(3) creates a standard no different than the business judgment standard under section 363(b). See In re Borders Grp., Inc., 453 B.R. 459, 473–74 (Bankr. S.D.N.Y. 2011); In re Dana Corp., 358 B.R. 567, 575 (Bankr. S.D.N.Y. 2006); In re Glob. Home Prod., LLC, 369 B.R. 778, 783 (Bankr. D. Del. 2007); In re Nobex Corp., No. 05–20050, 2006 WL 4063024, at *2 (Bankr.D.Del. Jan.19, 2006).

for the benefit of all creditors. Under the KERP, the KERP Employees will only receive a stay bonus if they remain employed with Debtor until the Sale is achieved. By remaining employed with Debtor, the KERP Employees maximize Debtor's saleable value.

19. The cost of the KERP is calculated to be reasonable in light of the Debtor's assets, liabilities, and earning potential. As noted above, the stay bonus for each KERP Employee shall not exceed $4,000 per employee.

20. Additionally, the scope of the KERP is fair and reasonable, as it applies only to the noninsider employees Debtor has identified as being the most critical to Debtor's ability to manage the day-to-day business operations of Debtor.

21. Based on the foregoing, Debtor respectfully submits that the KERP is an exercise of its sound business judgment, and that implementation of the KERP would be in the best interests of Debtor, its Estate, employees, and stakeholders, in consideration of the facts and circumstances of this case.

**WHEREFORE,** Debtors respectfully request that this Court enter an order substantially in the form of Exhibit A approving the Motion and granting such other relief as is just and equitable.

Respectfully submitted,

Dated: November 22, 2019      KERR, RUSSELL AND WEBER, PLC

By: /s/ William C. Blasses
    Jason W. Bank (P54447)
    William C. Blasses (P73945)
*Counsel for Debtor and*
*Debtor in Possession*
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
jbank@kerr-russell.com
wblasses@kerr-russell.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: )<br>)<br>**FILTRATION SERVICES GROUP LLC** )<br>)<br>Debtor. ) | Case No. 19-51724<br>Chapter 11<br>Hon. Marci B. McIvor |

## ORDER AUTHORIZING DEBTOR TO IMPLEMENT A
## KEY EMPLOYEE RETENTION PLAN FOR NONINSIDER EMPLOYEES

This matter is before the Court on the Motion for Authority to Implement a Key Employee Retention Plan for Noninsider Employees (the "Motion") filed by Filtration Services Group LLC ("FSG" or "Debtor")[2]; the Debtor seeks entry of an Order authorizing it to implement a new Key Employee Retention Program (the "KERP") by which certain current employees of Debtor will receive a stay bonus for remaining employed by Debtor (the "Order"); the Court has determined that notice was sufficient given the circumstances; any objections to the Motion have been overruled, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted in its entirety.

---

[2] All capitalized terms used in this Order and not defined herein have the meanings set forth in the Motion.

2. Pursuant to 11 U.S.C. § 363(b), Debtor is authorized to implement its proposed Key Employee Retention Program (as defined in the Motion) consistent with the sound business judgment of Debtor.

3. Debtor may compensate all eligible employees up to $4,000.00.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014 of otherwise, this Order shall be immediately effective and enforceable upon entry.

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: )<br>)<br>**FILTRATION SERVICES GROUP LLC** )<br>)<br>Debtor. ) | Case No. 19-51724<br>Chapter 11<br>Hon. Marci B. McIvor |

## NOTICE AND OPPORTUNITY TO OBJECT
## TO DEBTOR'S MOTION FOR AUTHORITY TO IMPLEMENT A
## KEY EMPLOYEE RETENTION PLAN FOR NONINSIDER EMPLOYEES

**PLEASE BE ADVISED** that Filtration Services Group LLC ("FSG" or "Debtor"), by and through its proposed counsel, Kerr, Russell and Weber, PLC, filed a Motion for Authority to Implement a Key Employee Retention Plan for Noninsider Employees.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, pursuant to E.D. Mich. LBR 9014-1, **within 14 days**, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[3]

---

[3]Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

United States Bankruptcy Court
211 W. Fort Street, Suite 100
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically. You must also mail a copy to:

> William C. Blasses, Esq.
> Kerr, Russell and Weber, PLC
> 500 Woodward Ave., Suite 2500
> Detroit, Michigan 48226
> wblasses@kerr-russell.com

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

| | |
|---|---|
| Dated: November 22, 2019 | KERR, RUSSELL AND WEBER, PLC |
| | By: /s/ William C. Blasses |
| | Jason W. Bank (P54447) |
| | William C. Blasses (P73945) |
| | *Counsel for Debtor and Debtor in Possession* |
| | 500 Woodward Avenue, Suite 2500 |
| | Detroit, MI 48226 |
| | (313) 961-0200 |
| | jbank@kerr-russell.com |
| | wblasses@kerr-russell.com |

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-51724 |
| | ) | Chapter 11 |
| **FILTRATION SERVICES GROUP LLC** | ) | Hon. Marci B. McIvor |
| | ) | |
| Debtor. | ) | |

# CERTIFICATE OF SERVICE

William C. Blasses, hereby certifies that on November 22, 2019, he electronically filed the following:

- Debtor's Motion for Authority to Implement a Key Employee Retention Plan for Noninsider Employees
- Proposed Order Authorizing Debtor to Implement a Key Employee Retention Plan for Noninsider Employees
- Notice of Debtor's Motion for Authority to Implement a Key Employee Retention Plan for Noninsider Employees
- Certificate of Service

with the Clerk of the Court using the ECF system which will serve notice upon all ECF participants.

Dated: November 22, 2019          KERR, RUSSELL AND WEBER, PLC

By:     /s/ William C. Blasses
        Jason W. Bank (P54447)
        William C. Blasses (P73945)
*Counsel for Debtor and*
*Debtor in Possession*
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
wblasses@kerr-russell.com